**Philip E. KIRK, M.D., Appellant,**

v.

**JEFFERSON COUNTY MEDICAL SOCIETY, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1978.

Rehearing Denied Nov. 3, 1978.

Discretionary Review Denied March 13, 1979.

Henry J. Burt, Jr., Louisville, for appellant.

Charles J. Cronan, IV, Carl L. Wedekind, Jr., Louisville, for appellee.

Before MARTIN, C. J., and REYNOLDS and WILHOIT, JJ.

REYNOLDS, Judge.

This is an appeal by Dr. Philip E. Kirk from summary judgment and orders of Jefferson Circuit Court which dismissed appellant's action and temporary injunction against Jefferson County Medical Society, appellee.

The appellant, Philip E. Kirk, was a licensed and practicing physician in Louis-

ville, Kentucky, and a member of Jefferson County Medical Society, a Kentucky corporation. Preliminarily, in February 1976 a member of the Society orally complained to the Society's Judicial Council concerning appellant. On February 20, 1976, the chairman of the Council advised appellant by letter of reported irregularities and directed an invitation for him to appear for an informal investigation. The appellant personally appeared at the informal hearing in March 1976, and thereafter on April 12, 1976, he was informed that the Council was not satisfied that the charges had been adequately answered. Additionally, appellant was also informed that he had the right, under the Society's by-laws, to request a formal hearing, to be represented by counsel and to introduce evidence and produce witnesses. Additionally, appellant was told that in the event he did not elect to proceed with the formal hearing that the Judicial Council would recommend to the Society that he be expelled. Thereafter appellant requested a formal hearing, and he was advised on June 5, 1976, that he was charged with violating Sections 1, 3, 4, 7 and 10 of the Principles of Medical Ethics of the American Medical Association and Article D of the Jefferson County Medical Society By-Laws.

Section 1 states: The principal objective of the medical profession is to render service to humanity with full respect for the dignity of man. Physicians should merit the confidence of patients entrusted to their care, rendering to each a full measure of service and devotion.

Section 3 states: A physician should practice a method of healing founded on a scientific basis.

Section 4 states: The medical profession should safeguard the public and itself against physicians deficient in moral character or professional confidence. Physicians should observe all the laws, uphold the dignity and honor of the profession and accept its self-imposed disciplines.

Section 7 states: In the practice of medicine a physician should limit the source of his professional income to medical services actually rendered by him . . . Drugs, remedies or appliances may be dispensed or applied by the physician provided it is in the best interest of the patient.

Section 10 states: The honored ideals of the medical profession imply that the responsibilities of the physician extend not only to the individual, but also to society where these responsibilities deserve his interest and participation in activities which have the purpose of improving both the health and well-being of the individual and the community.

The specific conduct thought to have been in violation of the above ethical principles was set out in the letter of June 5 and is summarized as follows:

(a) That he did on numerous occasions during the year 1975 prescribe medications, unnecessary for medical treatment of patients, solely for his personal financial gain.

(b) That he did on numerous occasions during the year 1975 write and issue prescriptions which were either undated or postdated (citing specific examples).

(c) That the same person visited his office for diet medication on six occasions within a thirty day period, from December 11, 1975, to January 9, 1976, and that he wrote prescriptions for diet medications for this same person on December 11, 1975, under the patient name George Wilson; on January 5, 1976, under the patient name Laighton Cruise, and on January 9, 1976, under the patient name, John R. Wilson.

(d) That he did on numerous occasions during the year 1975 issue prescriptions to various patients in such close succession as to reasonably indicate their use of such prescriptions for other than medical purposes (citing examples).

(e) That he did during the year 1975 conduct his practice at 3408 Broadway in a manner which was detrimental

both to the medical profession and to the general health and well-being of individuals in the community as a whole.

The formal hearing requested by appellant was scheduled and held on July 9, 1976, at which time appellant and his attorney were advised by the chairman that they could offer any sort of documentary evidence and testimony and had the right to cross-examine any witness, that the proceedings were not governed by any formal rules of evidence, and that all objections would be noted of record. The proceedings were reported and transcribed. Appellee's counsel introduced the testimony of two former patients and two police investigators. Appellant cross-examined these witnesses. Appellant testified in his own behalf and introduced two witnesses. Summarily, the evidence consisted of instances of how patients obtained or attempted to obtain drug prescriptions and such circumstances as were involved in the doctor's office operation. Thereafter the Council recommended appellant's expulsion, and he was so advised on July 15, 1976. The record indicates that the appellee, at a general meeting on November 15, 1976, undertook action to expel the appellant from its organization, and this action was taken to restrain appellee from effectuating the action and expelling appellant from the Society.

Appellant raises two interrelated issues: In expulsion proceedings must the Jefferson County Medical Society comply with its by-laws and due process?

Additionally, may the Jefferson County Medical Society vote to expel a member on an issue upon which there was no evidence entered into the record?

 Appellant's argument that the action of the Society's Judicial Council was arbitrary and/or was not supported by competent evidence is a question reviewable by the courts. It has been held that Section 14 of the Kentucky Constitution provides that the court does have inherent power to scrutinize the acts of administrative tribunals, or in this instance, the appellee, wherein the person or property rights of an individual have been adjudicated. See *McElhinney v. William Booth Memorial Hosp.*, Ky., 544 S.W.2d 216 (1976). However, we find from a review of the entire proceedings that the action of the Judicial Council was neither arbitrary nor capricious. While we might not be in total agreement with appellee's final decision, we conclude that there was a sufficiency of evidence to support the action taken by the appellee. Herein it was appellee's exclusive province to determine the weight to be given the evidence presented. We recognize that the Council was composed of a group of appellant's peers, all being highly trained and possessing expertise as to matters of medical evidence and conduct. In such a situation the substantial evidence rule is correctly applicable. *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298 (1972).

 Appellant further maintains that there was a violation of the Medical Society's By-Laws in that proceedings were improperly instituted; no written complaint filed; no certainty as to who was the complainant; no authority for Council to appoint itself as an investigating committee; no copy of the complaint furnished accused; and no right of cross-examination of the complainant, Dr. Severs, and of the Judicial Council. From a review of appellee's By-Laws and of the record we determine that appellant's argument fails. The great weight of authority holds that a lack of technical formality in the expulsion proceedings is not in and of itself a basis for court review, wherein a club's regulations or a society's regulations were not strictly followed. We hold that absolute technical accuracy is not required. Moreover, the proceedings are not required to be as formal or technical as in a trial at law, and it is sufficient that the constitution and by-laws are substantially observed, notice given to accused with opportunity to be heard, and judgment pronounced from proper motives and in good faith. 70 C.J.S. *Physicians and Surgeons* § 80. Appellee's Articles of Incorporation and By-Laws, Chapter 4, Article G, and the sections thereafter enumerat-

ed were correctly found by the trial court to be substantially, if not strictly, complied with.

▉ Appellant has asserted that he was not accorded a due process hearing. From the record we have determined that appellant was given notice of all investigative and disciplinary proceedings, apprising him of the time, place and subject of inquiry, and of his right to appear with counsel, and, additionally, he was furnished the names of all witnesses and proposed evidentiary documents as well as a list of the factual allegations set forth in written form. We find no abridgement of due process, and appellant was afforded more than rudimentary due process. *Duby v. American College of Surgeons*, 468 F.2d 364 (7th Cir. 1972).

▉ Appellant states that the Judicial Council erroneously failed to severally vote on the charges upon which it heard testimony. We hold this contention is without merit. CR 52.04.

Appellant further maintains that the Judicial Council voted only on one charge which was the matter of Ethics and that the record is absent evidence concerning this particular ground. This Court has previously noted that the Judicial Council was comprised entirely of physicians and surgeons, who we believe to have been eminently familiar with the ethical principles and charges set forth in the complaint and who heard evidence of factual events which concerned violations of such principles. A review of appellant's depositions taken of the members comprising the Judicial Council reflects that appellee's decision was not founded on evidence which was not presented at the formal hearing. Additionally, appellant has not shown that the trial court's finding is clearly erroneous nor was there an objection made to the court's finding upon these issues. We find a sufficiency of evidence to support the trial court's finding. CR 52.01 and CR 52.03.

The judgment of the trial court is affirmed.

All concur.